UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Zachery Burwell,<br>Individually, and on behalf of all others similarly-situated,<br><br>                                        Plaintiff,<br>     -v-<br>Reliant Realty Services, LLC,<br>Reliant Realty Services, Inc., and<br>690 Gates, L.P.,<br><br>                                  Defendants. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Zachery Burwell ("Plaintiff," or "Burwell"), on behalf of himself and all others similarly-situated, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of the Defendants Reliant Realty Services, LLC, Reliant Realty Services, Inc., and 690 Gates, LP, (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly-situated current and former employees who worked for the Defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for each and all such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains on behalf of himself and a class of other similarly-situated current and former hourly employees who worked for the Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times their regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act

1

("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff and the class members also entitled to maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Zachary Burwell ("Plaintiff" or "Burwell") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

8. At all times relevant herein, Defendant Reliant Realty Services, LLC, ("Reliant LLC") was a New York for-profit Limited Liability Company, with its principal place of business at 885 Second Avenue, 31st Floor, New York, NY 10017 – Reliant LLC is the successor in interests to Reliant Inc. from around October 2014 or March 2015.

9. At all times relevant herein, Defendant Reliant LLC managed apartment buildings and thousands of apartment units in New York and other states, including buildings in which Plaintiff was employed by and worked for Defendants.

2

10. At all times relevant herein, Defendant Reliant Realty Services, Inc. ("Reliant Inc") was a New York for-profit corporation, with its principal place of business at 885 Second Avenue, 31st Floor, New York, NY 10017 – Reliant LLC is the predecessor in interests to Reliant LLC.

11. At all times relevant herein, Defendant Gates, L.P. ("Gates LP") was a New York for-profit limited partnership, that owned/operated one or one apartment buildings at or around 690 and 700 Gates Avenue, Brooklyn, NY 11221, where plaintiff was employed and performed work for Defendants.

12. At all times relevant herein, Defendants shared a placed of business at 885 Second Avenue, 31st Floor, New York, NY 10017, and owned and/or operated one or one apartment buildings at or around 690 and 700 Gates Avenue, Brooklyn, NY 11221, where plaintiff was employed by and performed work for Defendants - four six-story buildings with about 24 units in each of the four buildings.

13. Upon information and belief and at all times relevant herein, Defendants controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

14. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

15. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

16. Upon information and belief, and at all relevant times herein, Defendants, individually, and/or jointly, were engaged in business of building ownership and management in the New York tristate area and several other states. Defendant Reliant LLC describes itself on its website as "a full service property management company which employs and manages approximately 700 personnel who facilitate operations at the asset level. Reliant currently provides property management, legal, accounting, security, compliance and maintenance

3

services to approximately 13,000 units across 10 states." See

http://www.reliantrs.com/index.html.

17. Upon information and belief, and at all relevant times herein, Defendants, individually, and/or jointly, employed hundreds of employees at any given time and over 300 workers in New York State during the class period.

18. Plaintiff Zachery Burwell was employed by Defendants, individually, and/or jointly, for about 25 years ending on or about July 17, 2017.

19. At all times relevant herein, Defendants, individually, and/or jointly employed Plaintiff as a maintenance worker and Plaintiff performed maintenance in Defendants' buildings.

20. At all times relevant herein, Plaintiff was paid at an effective regular rate of approximately $34 per hour[1].

21. At all times relevant herein, Plaintiff worked about 48 hours each week and likely more for Defendants – 5-6 days a week, but was not paid for all hours worked in each week including overtime hours (hours over 40 in a week) worked.

22. Plaintiff's regular weekly schedule was 8AM to 5PM, Monday to Friday. However, Plaintiff was required to be on-call after-hours and perform work as needed – the tenants would call an answering service after-hours and that service would contact plaintiff with the details of the work to be performed after-hours. Plaintiff performed about three hours a week in after-hours work – Defendants did not pay Plaintiff for such after-hours work. Upon information and belief, it was only in the few months before Plaintiff's termination that Defendants began requiring Plaintiff to clock in and out with respect to after-hours work and even then, Defendant still has not pay Plaintiff for all his after-hours work. In addition, during emergencies such as water leaks and snow, Plaintiff would work up to 8 hours or more in

---

[1] Plaintiff was paid about $25 an hour in wages by check/direct deposit. The apartment Defendants provided to Plaintiff was valued at about $1,500 a month or $9.23 an hour using the 40-hour regular workweek. Plaintiff's effective hourly rate for overtime purposes is therefore about $34.23 an hour and his effective overtime rate is $51.34 an hour. (See 29 C.F.R. § 778.116 ("Where, for example, an employer furnishes lodging to his employees in addition to cash wages the reasonable cost or the fair value of the lodging (per week) must be added to the cash wages before the regular rate is determined.").

4

addition to his regular work schedule for which he was not paid by Defendants.

23. Upon information and belief, and at all times relevant herein, Defendants for their benefit and convenience, required Plaintiff Burwell to reside in one of their buildings located at 700 Gates Avenue, Brooklyn, NY 11221, so that Plaintiff would be available to tenants at all hours of the day and would be able to respond to the needs of tenants and the four nearby buildings he worked in, more quickly than if he resided away from the buildings.

24. Upon information and belief, the two-bedroom apartment Defendants provided to Plaintiff was valued at about $1600 a month.

25. At all times relevant herein, Defendants paid for certain overtime hours they chose to pay for, but the overtime rate at which Defendants paid Plaintiff for such overtime hours, did not include the value of the apartment provided to Plaintiff by Defendants. (See 29 C.F.R. § 778.116 ("Where, for example, an employer furnishes lodging to his employees in addition to cash wages the reasonable cost or the fair value of the lodging (per week) must be added to the cash wages before the regular rate is determined."). The last time that Defendants paid Plaintiff for overtime hours (a few hours without including the value of the apartment) was about a few months before Plaintiff's termination on July 17, 2017.

26. At all times relevant herein, Defendants deducted an hour for lunch each day (5 hours a week), from Plaintiff's work time. However, Plaintiff had to stay on premises during "lunch" and was required to accept deliveries and respond to important job requirements during his lunch break which Plaintiff did. Therefore, Plaintiff was not completely free during his "lunch" period. As such, Plaintiff is entitled to compensation including overtime compensation for the one hour a day that Defendants deducted for "lunch."

27. At all times relevant herein, Plaintiff was entitled to two paid 15-minute breaks each day. However, because of the demands of the job with Defendants, Plaintiff was not able to get these paid breaks on most days.

28. A more precise statement of the hours and wages will be made when Plaintiff Burwell obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of Plaintiff's wage and time records that Defendants were required

to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference. Specifically, based on the fruits of discovery, Plaintiff may be entitled to additional overtime pay for the time he spent on call.

29. The wage violations alleged herein and above, were also suffered by the putative classes and reflected Defendants policies and practices as to Plaintiff and putative class members.

30. At all times relevant herein, and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff and the putative class at an overtime rate of at least 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a week.

31. At all times relevant herein, neither Defendant provided Plaintiff and the putative class members with the notice(s) required by NYLL 195(1).

32. At all times relevant herein, neither Defendants provided Plaintiff and the putative class members with the statement(s) required by NYLL 195(3) – the statements provided by Defendants did not contain all hours worked and/or wages earned by Plaintiff, among other deficiencies.

33. Upon information and belief and at all times relevant herein, Defendants, individually, and/or jointly had annual revenues and/or expenditures in excess of $500,000.

34. At all times applicable herein, Defendants conducted business with vendors/entities/persons within the State of New York.

35. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

36. At all times applicable herein and upon information and belief, Defendants utilized the goods, materials, and services through interstate commerce.

37. Defendants as a regular part of their business, make payment of taxes and other monies to agencies and entities outside the State of New York.

38. At all times applicable herein and upon information and belief, Defendants and the tenants in its buildings conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

39. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

40. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

41. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

42. "Plaintiff" as used in this complaint refers to the named Plaintiff.

43. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

44. All times applicable or relevant herein, the FLSA overtime claim refers to the two-year and three-year period preceding the filing of this complaint but this period may be longer. All times applicable or relevant herein, the NYLL overtime claim refers to the six-year period preceding the filing of this complaint.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime Wages)

45. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 44 above as if set forth fully and at length herein.

46. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

47. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

48. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees of Defendants, and who 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

49. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 500 members of the class during the class period.

50. The class definition will be refined as is necessary, including after discovery if necessary.

51. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendants within the meaning of the FLSA – 29 U.S.C 201 et Seq.

52. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

53. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

54. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

55. Due to Defendants' FLSA violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, their unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. & 12 NYCRR 142, 141 (Unpaid Overtime Wages)

56. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 54 above as if set forth fully and at length herein.

### CLASS ALLEGATIONS

57. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

58. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former employees of Defendants, and who: 1) were employed by Defendants within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 4) not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

59. The class definition will be refined as is necessary, including after discovery if necessary.

60. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 300 members of the class during the class period.

61. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

62. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

63. Upon information and belief, the claims of the representative party are typical of the claims of the class.

64. The representative party will fairly and adequately protect the interests of the class.

65. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

66. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendants failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142, 141.

67. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendant and in light of the large number of putative class members.

68. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142, 141.

69. At all times relevant herein, Defendants failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142, 141.

## Relief Demanded

70. Due to Defendants' NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, their unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198

71. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 70 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

72. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

73. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former New York employees of Defendants who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

74. The class includes but is not limited to employees who did not receive wage statements for each and all weeks during their employment, employees who received wage statements but whose wage statements did not reflect all hours worked or all wages earned, and employees who did not receive the required wage notices setting forth the correct overtime rate of pay among other information.

75. The class definition will be refined as is necessary, including after discovery if necessary.

76. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 300 members of the class during the class period.

77. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

78. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendants failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

79. Upon information and belief, the claims of the representative party are typical of the claims of the class.

80. The representative party will fairly and adequately protect the interests of the class.

81. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

82. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (i) Whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

83. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

84. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

85. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff and the

class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

86. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

87. Due to Defendants' NYLL 190 et Seq. violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendants, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

88. Declare Defendants (including its overtime wage payment policy and practice) to be in violation of the rights of Plaintiff and those similarly-situated, under the FLSA and New York Labor Law – 12 NYCRR §§ 142, 141, and enjoin Defendants from engaging in such violations.

89. As to the **First Cause of Action**, award Plaintiff and those similarly-situated who opt-in to this action, their unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

90. As to the **Second Cause of Action**, award Plaintiff and those similarly-situated as class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142, 141, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

91. As to the **Third Cause of Action**, award of Plaintiff and those similarly situated as class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

92. Award Plaintiff, and all others similarly-situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

93. Award Plaintiff and all those similarly situated such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **July 25, 2017**

Respectfully submitted,

Abdul Hassan Law Group, PLLC


/s/ Abdul Hassan
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-355-9668
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*