HAJ6BURC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ZACHERY BURWELL,

                Plaintiff,

           v.                           17 CV 5646(AT)(AJP)

RELIANT REALTY SERVICES, LLC,

                Defendant.
------------------------------x
                                        New York, N.Y.
                                        October 19, 2017
                                        4:30 p.m.

Before:

                 HON. ANDREW J. PECK,

                                        Magistrate Judge

                         APPEARANCES

ABDUL K. HASSAN LAW GROUP
     Attorneys for Plaintiff
BY:  ABDUL K. HASSAN

TILTON BELDNER, LLP
     Attorneys for Defendant
BY:  JOSHUA S. BELDNER

GOLDBERG & WEINBERGER, LLP
     Attorneys for Defendant
BY:  STUART A. WEINBERGER
```

           (In open court; case called)

           THE COURT:  We're on the record on the case of Zachery Burwell v. Reliant Realty Services, LLC, et al., 17 CV 5646, to record the settlement agreement that the parties have just

1    reached with the Court's assistance.  I will state the terms of
2    the settlement as I understand it.  Stop me with a universal
3    timeout signal if I get something wrong or something needs to
4    be clarified.  At the end I will be asking counsel and clients
5    of Mr. Burwell and Ms. Rondello if that is the settlement.
6    After that we'll do a hearing with respect to the *Cheeks*
7    approval process.
8             The parties have agreed to amicably resolve this
9    dispute without any admission of fault or reliability by the
10   defendants on the following terms:  The defendants will pay the
11   sum of $30,000 to Mr. Burwell and Mr. Hasan in complete
12   satisfaction of the monetary terms of this settlement.
13   One-third of that amount, $10,000, will be paid to the Abdul K.
14   Hasan Law Group p.L.L.C. with a 1099 to that firm, and that is
15   the payment for attorneys' fees and costs.  The balance will be
16   paid to Mr. Burwell as follows:  $20,000 less holdbacks that I
17   will get to in a moment, in a check to Mr. Burwell subject to
18   withholding of taxes -- federal, state and city -- social
19   security, FICA, and all the usual payroll type deductions, and
20   a W-2 will be issued for Mr. Burwell at the end of the
21   appropriate time periods.
22            In addition, as part of the settlement, Mr. Burwell
23   will be permitted to continue living in the apartment that he
24   had as a superintendent for the next five months, which is to
25   say he will move out no later than March 19th, 2018.  To ensure

HAJ6BURC

1  that he does move out, the defendants will be allowed to hold
2  back and counsel will escrow $3,000, 2,000 of which will come
3  off of Mr. Hasan's payment and 1,000 of which will come off of
4  Mr. Burwell's payment but that the entire $3,000 will be
5  considered Mr. Burwell's money thanks to Mr. Hasan's generosity
6  to his client in the event that there is rent or legal fees and
7  expenses due if Mr. Burwell does not move out of the apartment
8  on or before March 19, 2018 and the defendants need to evict
9  him or take appropriate case procedures in Housing Court.
10             Off the record.
11             (Discussion held off the record)
12             Back on the record.
13             THE COURT:  Mr. Burwell, agrees and it is
14  consideration for this settlement that he will indeed vacate
15  the apartment on or before March 19 of 2018 and that he will
16  not seek to holdover otherwise stay in the apartment.
17             In addition, Mr. Hassan agrees that he will withdraw
18  his grievance that he filed with Local 32BJ, the union for
19  superintendents and similar apartment workers, that he will to
20  the extent that it is within his control instruct the union to
21  withdraw the arbitration procedure.  If for some reason the
22  union continues with those proceedings, Mr. Burwell will not
23  receive any payment or other remedy that may be the result of
24  the arbitration.
25             Off the record.

1           (Discussion held off the record)

2           THE COURT:  I may have said that Mr. Hasan withdraw

3    the grievance.  Mr. Hassan as counsel for Mr. Burwell will make

4    sure that Mr. Burwell withdraws the union grievance, and

5    everything else I said about Mr. Burwell not receiving anything

6    through that grievance or arbitration process.

7           In addition, the parties agree to exchange mutual

8    general releases in standard Blumberg form or supplication of

9    the Blumberg form that the counsel agree upon, which the gist

10   of which is that it is a release of any and all claims either

11   side may have against the other from the the words of the form

12   the beginning of the date of the world to the date of this

13   settlement agreement and release.  That means any claims that

14   Reliant may have for theft of time are released as well as any

15   and all claims that Mr. Burwell has whether for FLSA or New

16   York Labor Law issues and for any and all other reasons.

17          The releases, however, of course do not release the

18   parties' respective obligations under the settlement agreement

19   including both the payment of money and the agreement to allow

20   Mr. Burwell to remain in the apartment accompanied by

21   Mr. Burwell's agreement to vacate on or before March 19th of

22   2018.  In event that Mr. Burwell does vacate before March 18,

23   2018 and subject to any reasonable withholding for cleaning or

24   damage to the apartment, defendant will promptly release and

25   pay to Mr. Hassan and Mr. Burwell the money that was being

1  withheld as protection against a holdover.  In addition, that
2  is a way to give defendant easy access to money.  It does not
3  preclude defendant from applying for any and all relief it
4  would be entitled to in Housing Court, including unpaid rent
5  for after March 19 of 2018, legal fees or costs in connection
6  with the instituting a holdover type proceeding, etc.
7          Finally, the parties agree that the case is dismissed
8  with prejudice and without costs and that the Court can enter
9  the dismissal order that to say I can enter it on my signature
10 pursuant 28, U.S. Code, 636(c), meaning I am acting with the
11 full authority with the District Court.
12         Off the record.
13         (Discussion held off the record)
14         THE COURT:  Back on the record.
15         Mr. Hassan and subject to Mr. Burwell's consent that I
16 will ask for next, do you agree to the terms of the settlement?
17         MR. HASSAN:  Yes, your Honor.  I think one
18 clarification that payment will be made within 21 days of
19 today.
20         THE COURT:  I think I said that, but if I didn't that
21 is the agreement that the parties have reached.
22         MR. HASSAN:  With that clarification, yes, your Honor,
23 I agree to the terms of the settlement.
24         THE COURT:  Mr. Burwell, have you had the terms of the
25 settlement explained to you by Mr. Hassan?

1             MR. BURWELL:  Yes.
2             THE COURT:  Do you understand all of the terms of the
3    settlement?
4             MR. BURWELL:  Yes.
5             THE COURT:  Do you understand that you're getting
6    certain sums of money and other benefits but that you are
7    giving up your grievance with the union?
8             MR. BURWELL:  Yes.
9             THE COURT:  Do you agree to all of the terms of the
10   settlement as you heard me describe to the reporter?
11            MR. BURWELL:  Yes.
12            THE COURT:  Thank you, Mr. Burwell.
13            Mr. Weinberger, as counsel of record for the
14   defendants and subject to their and Ms. Rondello's consent, do
15   you agree to the terms of settlement?
16            MR. BELDNER:  Yes.
17            THE COURT:  Ms. Rondello, are you authorized by
18   Reliant to enter into the terms of the settlement?
19            MS. RONDELLO:  Yes, Judge.
20            THE COURT:  Do you agree to the terms of settlement.
21            MS. RONDELLO:  I do, Judge.
22            THE COURT:  Off the record.
23            Back on the record.
24            Just to be clear, Ms. Rondello, you are authorized on
25   behalf of all three defendants; correct?

HAJ6BURC

1              MS. RONDELLO:  Yes, I am.

2              THE COURT:  You agree on behalf of all three

3     defendants?

4              MS. RONDELLO:  I do.

5              THE COURT:  As the lawyers know, the Second circuit

6     decision in *Cheeks v. Freeport Pancake House* requires that

7     before dismissal with prejudice of a case brought under the

8     Fair Labor Standards Act, the Court must determine that the

9     settlement is fair to the plaintiff.  I have learned a lot of

10    facts from the lawyers and parties in connection with the two

11    and a half hours we spent on this settlement conference, but

12    let's make a record.

13             Mr. Hasan, can you explain why in your view the

14    settlement is fair to Mr. Burwell?

15             MR. HASSAN:  Yes, your Honor.  As you pointed out the

16    parties have their respective positions coming in.  Both

17    besides, your Honor, learned a lot from the other about the

18    strengths and weaknesses of the case.  We were claiming

19    overtime and some other types of claims.  However, given the

20    bona fide disputes as to the hours worked and the liability

21    risks, we believe that the eventual outcome in terms of a

22    global settlement for 30,000, 20,000 to the plaintiff, is fair

23    under the circumstances; and that in terms of the legal fees,

24    it is a standard one-third fee, the hourly fees, where the use

25    a was retainer rate or some lower rate may likely exceed the

HAJ6BURC

1    9,400-something-dollars in legal fees.

2              So for those reasons, your Honor, I think it is a fair
3    outcome under the circumstances.

4              THE COURT:  Mr. Weinberger, anything you would like to
5    add?

6              MR. BELDNER:  Judge, we believe that this satisfies
7    the standard under *Cheeks* for the reasons Mr. Hassan said.

8              THE COURT:  The Court is aware that there is a serious
9    factual dispute in this case as to whether Mr. Burwell worked
10   overtime or as defendants claim worked less than 40 hours a
11   week for which he was paid.

12             In addition, to the extent there was overtime worked,
13   it is probably the de minimis in this situation.  There are
14   other reasons why the settlement is fair but certainly arm's
15   length, and at times I felt like I was pulling teeth trying to
16   get the parties to reach a settlement.  Fortunately my dentist
17   work prevailed and they did reach the settlement.  For all the
18   reasons stated by counsel and what I have just said and as well
19   as based on the information that is not on the record that was
20   discussed during the settlement conference, I do find that the
21   settlement is fair and reasonable to Mr. Burwell under the
22   Second Circuit line of cases beginning with *Cheeks v. Freeport*
23   Pancake House and therefore the settlement is approved.

24             I am not sure I got this on the record for this part
25   of it, in addition to the order of dismissal filing, I assume

HAJ6BURC

1   the parties have consented under 28, U.S.C., Section 636(C) for
2   me to do the *Cheeks* fairness process?
3            MR. HASSAN:  Yes, your Honor, we do.
4            MR. BELDNER:  Yes, Judge.
5            THE COURT:  Very good.
6            I direct counsel for the two parties to purchase the
7   transcript from the court reporter.  By doing that, you are
8   each getting it for 50 cents on the dollar.  In other words you
9   are splitting the cost and it is necessary for that transcript
10  to be ordered so it is of public record as required to satisfy
11  *Cheeks* and Second Circuit public record requirements.
12           With that, thank you all.
13           Good luck to you, Mr. Burwell.
14           We're adjourned.
15                              o0o